# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARCIA THOMAS,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　**Case No. 4:25cv09-MW-MAF**

**HCA CAPITAL HOSPITAL, et al.,**

    **Defendants.**

**_____/**

## REPORT AND RECOMMENDATION

Pro se Plaintiff Marcia Thomas was granted leave to proceed in forma pauperis motion, ECF Nos. 4-5, and she was required to file an amended complaint. ECF No. 5. Plaintiff's amended complaint, ECF No. 6, has now been reviewed.

Plaintiff is suing the HCA Hospital, and numerous nurses, physicians, and other employees of the Hospital. ECF No. 6. Plaintiff "brings this action for violations of her constitutional rights, gross negligence, medical malpractice, and intentional infliction of emotional distress arising from events that occurred during her visit to HCA Capital Hospital on December 31, 2025." ECF No. 6 at 3. Presumably, Plaintiff was there on December

31, 2024.  At any rate, she contends the Defendants had a "systemic pattern of neglect, improper care, and a disregard" for Plaintiff's rights and well-being.  *Id.* at 3.

Because the amended complaint suffers from numerous deficiencies, it is insufficient to proceed.  First, "to state a claim under § 1983, Plaintiff must allege facts which show that the Defendants' actions or omissions were 'done under color of state law' and deprived her of a right protected by the Constitution of the United States."  Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985)).  Thus, Plaintiff must demonstrate "both (1) that the defendant[s] deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).  Plaintiff's amended complaint, ECF No. 6, does not meet either requirement.  The Defendants are a private hospital and persons employed at that hospital; those persons are not state actors and were not acting "under color of state law."

Furthermore, to the degree Plaintiff complains of negligence and medical malpractice, *see* ECF No. 1 at 14, those claims are insufficient.

Even if Plaintiff's amended complaint named a "state actor" as a Defendant, a civil rights claim for the denial of medical care requires more than negligent behavior because medical malpractice is not a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). As recently clarified in this Circuit, to state a claim based on the alleged denial of medical care, Plaintiff must demonstrate that the Defendants "acted with 'subjective recklessness as used in the criminal law,'" which means Plaintiff must show that a "defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff . . . ." Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024). Plaintiff's allegations do not contain factual allegations which reveal any Defendant had such a state of mind. Just as Plaintiff has done in her other recently filed cases, Plaintiff continues to present vague and conclusory assertions of arsenic injections, nanotechnology devices which are "used for mind control manipulations," "allegations of gang stalking and systemic harassment," and "no-touch torture" in which a sensor is implanted in her body. However, Plaintiff does not provide facts to show what any named Defendant did or did not do that violates her constitutional rights. The amended complaint is insufficient to proceed.

Case No. 4:25cv09-MW-MAF

Additionally, Plaintiff's amended complaint presents conclusory claims of medical malpractice. ECF No. 6 at 3, 10, and 18. Those claims are state law claims which must be brought pursuant to Florida's Medical Malpractice Act. That Act "sets out a complex pre-suit investigation and notice procedure that" a claimant must follow before filing a medical negligence or malpractice claim.[1] Wheeler v. Corizon Med. Health Care Servs., No. 5:16cv96-LAC-EMT, 2016 WL 7743516, at *3 (N.D. Fla. Dec. 27, 2016), report and recommendation adopted, No. 5:16cv96-LAC-EMT, 2017 WL 113063 (N.D. Fla. Jan. 11, 2017) (citing to Kukral v. Mekras, 679 So. 2d 278, 280 (Fla. 1996)). The relevant statute, FLA. STAT. § 766.106(2), provides that "[a]fter completion of presuit investigation pursuant to s. 766.203(2) and before filing a complaint for medical negligence, a claimant shall notify each prospective defendant of intent to initiate litigation for medical negligence" through one of several specified means. FLA. STAT. § 766.106(2)(a). Plaintiff's amended complaint fails to include any factual allegations which reveal that pre-suit notice was provided to any of the Defendants. Moreover, Plaintiff has not provided

---

[1] As defined by the statute, a "[c]laim for medical negligence" or "claim for medical malpractice" means "a claim, arising out of the rendering of, or the failure to render, medical care or services." FLA. STAT. § 766.106(1)(a).

Case No. 4:25cv09-MW-MAF

facts - or documentation - to show that a pre-suit investigation[2] has been made in compliance with Florida law.  Because Plaintiff has not shown compliance with Florida's Medical Malpractice Act, her claims must be dismissed without prejudice.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted and for failure to comply with Florida's Medical Malpractice Act.

**IN CHAMBERS** at Tallahassee, Florida, on March 26, 2025.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Act requires that, prior to sending the notice "of intent to initiate medical negligence litigation pursuant to s. 766.106, the claimant shall conduct an investigation to ascertain that there are reasonable grounds to believe that: (a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and (b) Such negligence resulted in injury to the claimant." FLA. STAT. § 766.203(2).  The investigation must be undertaken before the notice is sent because "[c]orroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert . . . at the time the notice of intent to initiate litigation is mailed . . . ." FLA. STAT. § 766.203(2); *see also* Phelps v. Delphi Behav. Health Grp., LLC, No. 19-61557-CIV, 2021 WL 8895134, at *3 (S.D. Fla. June 15, 2021).

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.